UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MO CHIAO SUNG,<br><br>                    Plaintiff,<br><br>         -against-<br><br>LOUIS DEJOY, et al.,<br><br>                    Defendants. | 22-CV-10189 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Mineola, Nassau County, New York, brings this *pro se* action, invoking numerous federal employment discrimination statutes, including Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634; the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 to 2654; and 42 U.S.C. § 1981.[1] Plaintiff's claims arise out of his employment at the United States Postal Service Municipal Post Office in Flushing, Queens County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Claims under the ADEA, FMLA, and Section 1981 do not include specific venue provisions, and the general venue provision in 28 U.S.C. § 1391 therefore applies. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

---

[1] Plaintiff paid the filing fees for this action.

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, 28 U.S.C. § 1391(c)(1), and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

Title VII includes its own venue provision, set forth in 42 U.S.C. § 2000e-5(f)(3), and the ADA and the Rehabilitation Act incorporates Title VII's venue provision, *see* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's venue provision for claims brought under the ADA; 29 U.S.C. § 794a(a)(1) (same as to Rehabilitation Act). Title VII's venue provision provides that claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff, who resides in Nassau County, New York, filed this complaint regarding events arising out of his employment in Flushing, Queens County, New York, and it therefore appears that all of his claims arose in Queens County. He does not identify where any defendant is domiciled, but he provides addresses for all defendants in Queens County, New York. Queens County is in the Eastern District of New York. 28 U.S.C. § 112(c).

Because the events giving rise to Plaintiff's claims occurred within the State of New York, the Southern District of New York and every other federal district court within the State of

New York are proper venues for Plaintiff's claims under Title VII, the ADA, and Rehabilitation Act. It does not appear, however, that venue for Plaintiff's claims under the ADEA, FMLA, and Section 1981 is proper in this district under § 1391(b)(2), because all of his claims arose outside this district. Further, as Plaintiff does not identify where any defendant is domiciled, it is unclear whether venue for the ADEA, FMLA, and Section 1981 claims lies in this district under § 1391(b)(1). It therefore appears that venue is proper in the Eastern District of New York for all of Plaintiff's claims, and is proper in this district for at least some of his claims.

Under 28 U.S.C. § 1404(a), however, even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff was employed. Although Plaintiff did file his

action in this court, his choice of forum is accorded less deference because he does not reside in a county within this District, and the operative events did not occur here. Rather, the Eastern District of New York appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This order closes the case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 9, 2022
        New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                              Chief United States District Judge